KINGMAN-MOORE IMPLEMENT COMPANY v. MINNIE O.
McHENRY AND J. M. McHENRY.

No. 342.   (59 Pac. 284.)

PRACTICE, COURTS OF APPEALS—*Review of Verdict—Disregard of Instructions.*   A verdict found in manifest disregard of the instructions will not be approved by this court, notwithstanding the trial court has entered judgment thereon, where the question is duly presented for our decision.

Error from Marion district court; O. L. MOORE, judge.   Opinion filed December 13, 1899.   Reversed.

*H. S. Martin,* and *Ellis, Reed, Cook & Ellis,* for plaintiff in error.

*Keller & Dean,* for defendants in error.

The opinion of the court was delivered by

MILTON, J. : This action was brought in the district court of Marion county by the plaintiff in error, which, claiming under a chattel mortgage, replevied three horses, two mules and one cow from defendants in error.   The mortgage also covered other property, to wit, a mounted corn-sheller with elevator and cobstacker, and a mounted horse-power, and was given to secure the payment of three promissory notes, aggregating $255, the purchase-price of the said machine.   The notes and mortgage were dated October 26, 1895, and the notes matured on February 1, 1896, May 1, 1896, and March 1, 1897, respectively.   The written contract of purchase described the machinery as follows :

"One two-hole mounted geared corn-sheller, with truck and nine-foot wagon, parallel elevator, cobstacker, also with four-horse mounted horse-power, No. 277, jack wheels."

The written warranty of the machine contained the following, among other provisions :

"The above articles are warranted to be of good material, well made, and with proper management capable of doing as good work as similar articles of other manufacturers. . . . Defects or failure in one part shall not condemn or be grounds for claiming renewal of any other part."

In January, 1896, the defendants attempted to rescind the contract by returning the machinery to the local agent of the plaintiff at Lincolnville, Kan., as the contract provided might be done in case the machinery proved defective, and the plaintiffs, upon notice of such failure, did not remedy the defect. Whether or not the defendants had the right to the rescission of the contract by returning the machinery, was the principal question tried in the case.   The alleged defect was in the part known as the cob-carrier. The plaintiff attempted to remedy the alleged defect on December 4, 1895, and the defendants thereafter used the machine for shelling corn for a number of farmers.   The defendants, having the affirmative of the issues, introduced testimony tending to show that the cob-carrier was defective, and that the defect therein greatly diminished the efficiency of the sheller as a whole, and caused much delay and trouble in its operation.   On the part of the plaintiff, there was undisputed evidence that the horse-power was a separable part of the machinery, and that such powers were often sold separately, and for purposes not connected with the use of corn-shellers.   There was also testimony in direct conflict with that of the defendants on all material points.

After instructing the jury concerning the rights and duties of the defendants in respect to the rescission of

the contract of purchase, the court further instructed as follows :

"If there is any part of this machine that in itself is not an essential part of any other part of it, or if it might be separated and sold as a separate part for some other purpose, then I instruct you that if that part which can be sold and separated in this manner for some other purpose was not defective in any way or in any particular, that part of it could not be returned under this contract. . . . The burden is upon the defendants in this case to show that there was a defect in each separate part of this machinery as defined in these instructions which they claimed to have returned, and if they fail to so show as to such separate parts, then you must find such part to have filled the warranty and as to that there can be no rescission, and your verdict in that case must be for the plaintiff."

The jury found that the machine was defective in the respect that the cob-stacker failed to perform its work properly by reason of the gearing being unprotected against trash and cobs ; that J. H. McHenry used the machine in shelling for three persons after the plaintiff's representative had attempted to repair the machine ; and also returned the following finding :

"Ques. 6. Are not the kind of horse-powers sold with the machinery in controversy sold and used at times separate and apart from corn-shellers, and could not the said power be used apart from the sheller? Ans. Yes."

The general verdict was in favor of the defendants for a return of the property replevied and for sixty-five dollars as damages for its detention.   It is clear that the jury disregarded the instruction quoted above and that the general verdict is contrary to the law of the case as declared by the court.   It should have been set aside and a new trial ordered.   As that ver-

dict became the basis of the judgment of the trial court, its judgment is erroneous and must be reversed.

Notwithstanding our decision that the judgment of the trial court cannot be upheld for the reason just stated, we deem it proper to say that we think the instructions referred to were erroneous.    The important question was not whether parts of the machinery purchased by the defendants might have been sold and used separately, but whether or not all the parts thereof were purchased, as a whole, for the specific purpose of shelling corn.    Certainly the defendants should not have been compelled to buy a separate horse-power unless they chose to do so ; yet such is the logic of the instructions.    The instructions go even further than this, for they hold that no rescission of the contract of purchase could take place so long as a separable portion of the machinery came up to the requirements of the contract of sale.

The judgment of the district court will be reversed and the cause remanded for a new trial.